AO 93 (Rev. 11/13) Search and Seizure Warrant (USAO CDCA Rev. 04/17)

# UNITED STATES DISTRICT COURT

for the

Central District of California

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

16162 Sher Lane, Apt. 24,
Huntington Beach, CA 92647

Case No. 2:19-MJ-01418

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the Central District of California *(identify the person or describe the property to be searched and give its location)*:

*See Attachment A*

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

*See Attachment B*

Such affidavit(s) or testimony are incorporated herein by reference and attached hereto.

**YOU ARE COMMANDED** to execute this warrant on or before 14 days from the date of its issuance *(not to exceed 14 days)*

☒ in the daytime 6:00 a.m. to 10:00 p.m. ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to the U.S. Magistrate Judge on duty at the time of the return through a filing with the Clerk's Office.

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*

☐ for____days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of ________________.

Date and time issued: 4/8/19 at 4:27 p.m. [signature]
*Judge's signature*

City and state: Los Angeles, CA Hon. Jacqueline Chooljian, U.S. Magistrate Judge
*Printed name and title*

AUSA: Brittney M. Harris (x0488)

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

**Return**

| Case No.: -7LNA 13MAR19-NEEA-0017 | Date and time warrant executed: 9 APRIL 2019 | Copy of warrant and inventory left with: STEPHEN KOSAKOWSKI |
|---|---|---|

Inventory made in the presence of :

Inventory of the property taken and name of any person(s) seized:

SEE ATTACHED ECD (PAGES 1-3)

**Certification**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 4/10/2019

[signature]
*Executing officer's signature*

Peter V. Quaglia SA
*Printed name and title*

1 of 3

# U.S. NAVAL CRIMINAL INVESTIGATIVE SERVICE EVIDENCE CUSTODY DOCUMENT

| CODE | CONTROL | LOG NUMBER | DATE AND TIME OF SEIZURE |
|---|---|---|---|
| MWPE | 13MAR19-NEEA-0017-7CNA | 0334-19 | 09APR19/1205 |

| NAME OF PERSON FROM WHOM PROPERTY SEIZED | LOCATION WHERE PROPERTY SEIZED |
|---|---|
| S/KOSAKOWSKI, STEPHEN A/CIV | 16162 SHER LN APT 24, HUNTINTON BEACH, CA 92647 |

NI TITLE S/KOSAKOWSKI, STEPHEN A/CIV

| ITEM | QUANTITY | DISPOSAL ACTION | DESCRIPTION OF ARTICLE - MODEL NUMBER, SERIAL NUMBER. IDENTIFYING MARKS, CONDITION, AND VALUE WHEN APPROPRIATE. |
|---|---|---|---|
| A | 1 | | ONE (1) RED/BLACK LAPTOP SERIAL #5CD5457KVJ, PLACED IN A BROWN PAPER BAG, SEALED WITH EVIDENCE TAPE AND MARKED FOR IDENTIFICATION: MJM/09APR19 |
| B | 1 | | ONE (1) SILVER DELL LAPTOP WITH ATTACHED PORTABLE MEDIA DEVICE, WITH POWER CORD, SERIAL #8C3L662, PLACED IN A BROWN PAPER BAG, SEALED WITH EVIDENCE TAPE AND MARKED FOR IDENTIFICATION: MJM/09APR19 |
| C | 1 | | ONE (1) WHITE SAMSUNG TABLET WITH KEYBOARD, AND CHARGER, SERIAL #R32F00GN5F, PLACED IN A BROWN PAPER BAG, SEALED WITH EVIDENCE TAPE AND MARKED FOR IDENTIFICATION: MJM/09APR19 |
| D | 1 | | ONE (1) GREEN NOTEPAD, SERIAL #7530010607511, PLACE IN A MANILA ENVELOPE, SEALED WITH EVIDENCE TAPE AND MARKED FOR IDENTIFICATION: MJM/09APR19 |
| E | 1 | | ONE (1) BLACK ALCATEL SMARTPHONE, WITH CRACKED SCREEN SERIAL #B1780002C110UJKR, PLACED IN A MANILA ENVELOPE, SEALED WITH EVIDENCE TAPE AND MARKED FOR IDENTIFICATION: MJM/09APR19 |

| NAME AND SIGNATURE OF WITNESS (IF AVAILABLE) | NAME AND SIGNATURE OF RECEIVING S/A |
|---|---|
| Fermán Núñez [signature] | MOISES J MARTINEZ [signature] |

## CHAIN OF CUSTODY

| ITEM | DATE & TIME | RELEASED BY | RECEIVED BY | PURPOSE |
|---|---|---|---|---|
| A | 09APR19 1445 | NAME: MOISES J MARTINEZ<br>ORGANIZATION: NCIS<br>SIGNATURE: [signature] | NAME: TEMP<br>ORGANIZATION: EVIDENCE<br>SIGNATURE: LOCKER | TEMP STORAGE |
| | | NAME<br>ORGANIZATION<br>SIGNATURE | NAME<br>ORGANIZATION<br>SIGNATURE | |
| | | NAME<br>ORGANIZATION<br>SIGNATURE | NAME<br>ORGANIZATION<br>SIGNATURE | |
| | | NAME<br>ORGANIZATION<br>SIGNATURE | NAME<br>ORGANIZATION<br>SIGNATURE | |


CHAIN OF CUSTODY CONTINUED ON REVERSE

EVIDENCE CUSTODY DOCUMENT
CONTINUATION SHEET



U.S. NAVAL CRIMINAL INVESTIGATION SERVICE
EVIDENCE CUSTODY DOCUMENT

| CODE | CONTROL | LOG NUMBER | DATE/TIME OF SEIZURE |
|---|---|---|---|
| MWPE | 13MAR19-NEEA-0017-7CNA | 0334-19 | 09APR19/1205 |

| ITEM | QUANTITY | DISPOSAL ACTION | DESCRIPTION OF ARTICLE |
|---|---|---|---|
| F | 1 | | ONE (1) COOL PAD CRICKET SMARTPHONE, IMEI #863515031841375, PLACED IN A MANILA ENVELOPE, SEALED WITH EVIDENCE TAPE AND MARKED FOR IDENTIFICATION: MJM/09APR19 |
| G | 1 | | ONE (1) BLACK LG SMARTPHONE, IMEI # 013237000765662, PLACED IN A MANILA ENVELOPE, SEALED WITH EVIDENCE TAPE AND MARKED FOR IDENTIFICATION: MJM/09APR19 |
| H | 1 | | ONE (1) SAMSUNG CELLULAR PHONE, IMEI # 358946029117035, PLACED IN A MANILA ENVELOPE, SEALED WITH EVIDENCE TAPE AND MARKED FOR IDENTIFICATION: MJM/09APR19 |
| I | 1 | | ONE (1) BLACK HP LAPTOP, SERIAL #CNF0349NZL, PLACED IN A BROWN PAPER BAG, SEALED WITH EVIDENCE TAPE AND MARKED FOR IDENTIFICATION: MJM/09APR19 |
| J | 1 | | ONE (1) SILVER DELL LAPTOP WITH POWER CORD, SERIAL #CN0WF35112615AL5384, PLACED IN A BROWN PAPER BAG, SEALED WITH EVIDENCE TAPE AND MARKED FOR IDENTIFICATION: MJM/09APR19 |
| K | 1 | | ONE (1) SILVER LG PORTABLE MEDIA DEVICE, SERIAL #710NMPKN0144, PLACED IN A MANILA ENVELOPE, SEALED WITH EVIDENCE TAPE AND MARKED FOR IDENTIFICATION: MJM/09APR19 |
| L | 1 | | ONE (1) BLACK/RED PNY PORTABLE MEDIA DEVICE, PLACED IN A MANILA ENVELOPE, SEALED WITH EVIDENCE TAPE AND MARKED FOR IDENTIFICATION: MJM/09APR19 |
| M | 1 | | ONE (1) RED FUJI FILM CAMERA, SERIAL #2SB90214, PLACED IN A MANILA ENVELOP, SEALED WITH EVIDENCE TAPE AND MARKED FOR IDENTIFICATION: MJM/09APR19 |
| N | 1 | | ONE (1) SAMSUNG GALAXY S8 SMARTPHONE, SERIAL #R38JB0NC52T IN A BLACK CASE, PLACED IN A MANILA ENVELOPE, SEALED WITH EVIDENCE TAPE AND MARKED FOR IDENTIFICATION: MJM/09APR19 |
| O | 1 | | ONE (1) BLUE/SILVER LG CELLULAR PHONE, SERIAL #406KSUR0483542, PLACED IN A MANILA ENVELOPE, SEALED WITH EVIDENCE TAPE AND MARKED FOR IDENTIFICATION: MJM/09APR19 |
| P | 1 | | ONE (1) GREY GATEWAY LAPTOP, SERIAL #LXWGC02006945C82942200, WITH POWER CORD, SEALED WITH EVIDENCE TAPE AND MARKED FOR IDENTIFICATION: MJM/09APR19 |

| NAME/SIGNATURE OF WITNESS (IF APPLICABLE) | NAME/SIGNATURE OF RECIEVING S/A |
|---|---|
| | MOISES J MARTINEZ |

EVIDENCE CUSTODY DOCUMENT
CONTINUATION SHEET



# U.S. NAVAL CRIMINAL INVESTIGATION SERVICE
# EVIDENCE CUSTODY DOCUMENT

| CODE | CONTROL | LOG NUMBER | DATE/TIME OF SEIZURE |
|---|---|---|---|
| MWPE | 13MAR19-NEEA-0017-7CNA | 0334-19 | 09APR19/1205 |

| ITEM | QUANTITY | DISPOSAL ACTION | DESCRIPTION OF ARTICLE |
|---|---|---|---|
| Q | 1 | | ONE (1) RED CARD WITH TAPED SIM CARD SERIAL #89014103287158148696, AND ONE (1) ORANGE CARD, PLACED IN A BROWN PAPER BAG, SEALED WITH EVIDENCE TAPE AND MARKED FOR IDENTIFICATION: MJM/09APR19 |
| R | 1 | | ONE (1) RED PORTABLE MEDIA DEVICE, PLACED IN A BROWN PAPER BAG, SEALED WITH EVIDENCE TAPE AND MARKED FOR IDENTIFICATION: MJM/09APR19 |
| S | 1 | | ONE (1) BLACK SAMSUNG GALAXY S4 MINI SMARTPHONE WITH CRACKED SCREEN, IMEI #358582051085244, PLACED IN A MANILA ENVELOPE, SEALED WITH EVIDENCE TAPE AND MARKED FOR IDENTIFICATION: MJM/09APR19 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

| NAME/SIGNATURE OF WITNESS (IF APPLICABLE) | NAME/SIGNATURE OF RECIEVING S/A |
|---|---|
| Fermin Nuñez [signature] | MOISES J MARTINEZ |

**ATTACHMENT A**

PROPERTY TO BE SEARCHED

The property to be searched is 16162 Sher Lane, Apt. 24, Huntington Beach, California 92647 (the "SUBJECT PREMISES"). The SUBJECT PREMISES is an apartment on the second floor of a multi-unit two-story apartment complex featuring a tan stucco exterior with brown trim as well as an aggregated roof. A sign with the name "Huntington Highlander Apartment Homes" is visible near the entry gate to the apartment complex, and the number "16162" is visible on the second floor of the portion of the complex facing Sher Lane. (See Photograph A below.) The largest building of the complex consists of a large rectangular structure that is divided into two sections with two separate courtyards featuring trees and swimming pools. The front courtyard is closest to Sher Lane. Apartments in the complex face both the exterior (toward the street) and interior (toward the courtyard). The SUBJECT PREMISES is a second floor interior-facing apartment located on the north side of the front courtyard. The door to the apartment is dark blue and features a silver handle and peep hole. A white rectangle placard with the number "24" in black numerals is located to the immediate right of the door. There is a bay window with white vertical blinds located to the right side of the apartment door. (See Photograph B below.) The apartment is accessible via an outdoor staircase leading to the second floor. The SUBJECT PREMISES is the fourth apartment from the front on the north interior side of the front courtyard.

Photograph A




Photograph B



ATTACHMENT B

I. ITEMS TO BE SEIZED

1. The items to be seized are evidence, contraband, fruits, or instrumentalities of violations of Title 18, United States Code, Sections 875 (Interstate Threatening Communications), and 2261A (Stalking) (the "Subject Offenses"), namely:

a. Data, records, documents, or information (including electronic mail and messages) pertaining to communications with D.C., D.C.'s family members, Naval Weapons Station Earle, and any other U.S. Navy personnel or installations from August 1, 2017 to present;

b. Records, documents, programs, applications, or materials pertaining to means of communication, including but not limited to any and all VoIP applications;

c. Data, records, documents (including e-mails), or information reflecting the purchase or acquisition of any and all VoIP applications;

d. Software, devices, or tools used to obtain, create, or record phone conversations with other individuals and any audio recordings preserved or stored by these means pertaining to communications described in paragraph 1a above.

e. Contents of any calendar or date book stored on any of the digital devices;

f. Records, documents, programs, applications or materials, or evidence of the absence of same, sufficient to show address book information, including all stored or saved telephone numbers;

g. Records, documents, programs, applications and materials, or evidence of the absence of same, sufficient to show call log information, including all telephone numbers dialed from any of the digital devices and all telephone numbers accessed through any push-to-talk functions, as well as all received or missed incoming calls;

h. Records, documents, programs, applications or materials, or evidence of the absence of same, sufficient to show SMS text, email communications or other text or written communications sent to or received from any of the digital devices and which relate to the above-named violations;

i. Records, documents, programs, applications or materials, or evidence of the absence of same, sufficient to show instant and social media messages (such as Facebook, Facebook Messenger, Snapchat, FaceTime, Skype, and WhatsApp), SMS text, email communications, or other text or written communications sent to or received from any digital device and which relate to the above-named violations; and

j. Any digital device which is itself or which contains evidence, contraband, fruits, or instrumentalities of the Subject Offenses, and forensic copies thereof.

k. With respect to any digital device containing evidence falling within the scope of the foregoing categories of items to be seized:

i. evidence of who used, owned, or controlled the device at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries,

configuration files, saved usernames and passwords, documents, browsing history, user profiles, e-mail, e-mail contacts, chat and instant messaging logs, photographs, and correspondence;

ii. evidence of the presence or absence of software that would allow others to control the device, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

iii. evidence of the attachment of other devices;

iv. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the device;

v. evidence of the times the device was used;

vi. passwords, encryption keys, and other access devices that may be necessary to access the device;

vii. applications, utility programs, compilers, interpreters, or other software, as well as documentation and manuals, that may be necessary to access the device or to conduct a forensic examination of it;

viii. records of or information about Internet Protocol addresses used by the device;

ix. records of or information about the device's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

2. As used herein, the terms "records," "documents," "programs," "applications," and "materials" include records, documents, programs, applications, and materials created, modified, or stored in any form, including in digital form on any digital device and any forensic copies thereof.

3. As used herein, the term "digital device" includes any electronic system or device capable of storing or processing data in digital form, including central processing units; desktop, laptop, notebook, and tablet computers; personal digital assistants; wireless communication devices, such as telephone paging devices, beepers, mobile telephones, and smart phones; digital cameras; gaming consoles (including Sony PlayStations and Microsoft Xboxes); peripheral input/output devices, such as keyboards, printers, scanners, plotters, monitors, and drives intended for removable media; related communications devices, such as modems, routers, cables, and connections; storage media, such as hard disk drives, floppy disks, memory cards, optical disks, and magnetic tapes used to store digital data (excluding analog tapes such as VHS); and security devices.

## II. SEARCH PROCEDURE FOR DIGITAL DEVICES

4. In searching digital devices (or forensic copies thereof), law enforcement personnel executing this search warrant will employ the following procedure:

a. Law enforcement personnel or other individuals assisting law enforcement personnel (the "search team") will, in their discretion, either search the digital device(s) on-site or

seize and transport the device(s) and/or forensic image(s) thereof to an appropriate law enforcement laboratory or similar facility to be searched at that location. The search team shall complete the search as soon as is practicable but not to exceed 120 days from the date of execution of the warrant. The government will not search the digital device(s) and/or forensic image(s) thereof beyond this 120-day period without obtaining an extension of time order from the Court.

b. The search team will conduct the search only by using search protocols specifically chosen to identify only the specific items to be seized under this warrant.

i. The search team may subject all of the data contained in each digital device capable of containing any of the items to be seized to the search protocols to determine whether the device and any data thereon falls within the list of items to be seized. The search team may also search for and attempt to recover deleted, "hidden," or encrypted data to determine, pursuant to the search protocols, whether the data falls within the list of items to be seized.

ii. The search team may use tools to exclude normal operating system files and standard third-party software that do not need to be searched.

iii. The search team may use forensic examination and searching tools, such as "EnCase" and "FTK" (Forensic Tool Kit), which tools may use hashing and other sophisticated techniques.

c. If the search team, while searching a digital device, encounters immediately apparent contraband or other evidence of a crime outside the scope of the items to be seized, the team shall immediately discontinue its search of that device pending further order of the Court and shall make and retain notes detailing how the contraband or other evidence of a crime was encountered, including how it was immediately apparent contraband or evidence of a crime.

d. If the search determines that a digital device does not contain any data falling within the list of items to be seized, the government will, as soon as is practicable, return the device and delete or destroy all forensic copies thereof.

e. If the search determines that a digital device does contain data falling within the list of items to be seized, the government may make and retain copies of such data, and may access such data at any time.

f. If the search determines that a digital device is (1) itself an item to be seized and/or (2) contains data falling within the list of other items to be seized, the government may retain the digital device and any forensic copies of the digital device, but may not access data falling outside the scope of the other items to be seized (after the time for searching the device has expired) absent further court order.

g. The government may also retain a digital device if the government, prior to the end of the search period, obtains an order from the Court authorizing retention of the device (or while an application for such an order is pending),

g. Any passwords, password files, biometric keys, test keys, encryption codes, or other information necessary to access the digital device or data stored on the digital device.

6. During the execution of this search warrant, law enforcement is permitted to (1) depress KOSAKOWSKI's thumb- and/or fingers onto the fingerprint sensor of the digital device (only if the device has such a sensor), and direct which specific finger(s) and/or thumb(s) shall be depressed; and (2) hold the device in front of KOSAKOWSKI's face with his eyes open to activate the facial-, iris-, or retina-recognition feature, in order to gain access to the contents of any such device. In depressing a person's thumb or finger onto a device and in holding a device in front of a person's face, law enforcement may not use excessive force, as defined in Graham v. Connor, 490 U.S. 386 (1989); specifically, law enforcement may use no more than objectively reasonable force in light of the facts and circumstances confronting them.

7. The special procedures relating to digital devices found in this warrant govern only the search of digital devices pursuant to the authority conferred by this warrant and do not apply to any search of digital devices pursuant to any other court order.

including in circumstances where the government has not been able to fully search a device because the device or files contained therein is/are encrypted.

h. After the completion of the search of the digital devices, the government shall not access digital data falling outside the scope of the items to be seized absent further order of the Court.

5. In order to search for data capable of being read or interpreted by a digital device, law enforcement personnel are authorized to seize the following items:

a. Any digital device capable of being used to commit, further, or store evidence of the offense(s) listed above;

b. Any equipment used to facilitate the transmission, creation, display, encoding, or storage of digital data;

c. Any magnetic, electronic, or optical storage device capable of storing digital data;

d. Any documentation, operating logs, or reference manuals regarding the operation of the digital device or software used in the digital device;

e. Any applications, utility programs, compilers, interpreters, or other software used to facilitate direct or indirect communication with the digital device;

f. Any physical keys, encryption devices, dongles, or similar physical items that are necessary to gain access to the digital device or data stored on the digital device; and